O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BLANCA SOTO DE GUTIERREZ, | Case No. EDCV 17-1240-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Plaintiff Blanca Soto de Gutierrez ("Plaintiff") filed a Complaint on June 22, 2017, seeking review of the denial of her application for Disabled Widow's Benefits by the Commissioner of Social Security ("Commissioner" or "Defendant"). The parties filed consents to proceed before the undersigned Magistrate Judge. On February 2, 2018, the parties filed a Joint Stipulation addressing their respective positions ("Jt. Stip"). The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

## II.

## BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

On July 30, 2013, Plaintiff applied for disabled widow's benefits,[1] alleging disability beginning August 28, 2012. Administrative Record ("AR") 171-77. After her application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing. AR 92-96, 100-05, 106-08. Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on February 10, 2016. AR 44-66.

On March 21, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 22-43. The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 28, 2012. AR 30. The ALJ determined that Plaintiff suffered from the following severe impairments: "chronic vertigo; cervicocranial syndrome; degenerative joint disease of the lumbar spine; radiculopathy of the lumbar spine; and status post right rotator cuff repair." Id. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 31. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations (AR 32):

> [Plaintiff] can lift and carry 20 occasionally and 10 pounds frequently; sit, stand, and walk for up to six hours each in an eight-hour day; can frequently use hand controls with right upper

---

[1] To be eligible for disabled widow's benefits, a claimant must: be the widow of a deceased worker, have attained the age of 50, be unmarried and have a disability that began before the end of the prescribed period. 20 C.F.R. § 404.335(e). The prescribed period ends the month before the month in which the claimant attains age 60, or, if earlier, either 7 years after the worker's death or 7 years after the widow was last entitled to survivor's benefits, whichever is later. Id. The ALJ found Plaintiff's prescribed period began on July 31, 2011, the date she was last entitled to survivor's benefits (AR 28) and found Plaintiff met the non-disability requirements for disabled widow's benefits and that her prescribed period ends on July 31, 2018. AR 30.

extremity; can engage in frequent reaching in all directions with the right upper extremity; can perform frequent handling and fingering with the right upper extremity; can engage in occasional postural activities but cannot perform climbing of ladders and scaffolds; should not be exposed to unprotected heights or moving mechanical parts; and should not operate a motor vehicle.

The ALJ found that Plaintiff was capable of performing her past relevant work as an electronics inspector (Dictionary of Occupational Titles ("DOT") 726.381-010). AR 37. The ALJ also made an alternative finding at step five of the sequential evaluation process, concluding that Plaintiff was also capable of performing other jobs that exist in significant numbers in the national economy, including: cafeteria attendant (DOT 311.677-010); toy assembler (DOT 731.687-034); inspector, hand packager (DOT 559.687-074). AR 38-39. The ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. AR 39.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 167-68. On May 18, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## III.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. The ALJ's findings should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a

conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). The standard of review is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110 (citing, inter alia, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant currently performs "substantial gainful activity." Id. If not, the ALJ

4

proceeds to a second step to determine if the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine if the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations. See Rounds, 807 F.3d at 1001. If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step, the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she performed it when she worked in the past, or as that same job is generally performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016) (citing, inter alia, SSR 82-61); see also 20 C.F.R. §§ 404.1560(b), 416.960(b).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099 (citing 20 C.F.R. § 404.1560(b)(3)); see also 20 C.F.R. § 416.960(b)(3).

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step; the claimant bears the ultimate burden to show that she is

disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, if the analysis reaches step five, at step five the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

# IV.
# DISCUSSION

The parties present one disputed issue: "Whether the ALJ properly considered the consultative examiners' opinions." Jt. Stip. at 2. Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for ascribing only partial weight to the opinions of two examining physicians. Id. at 4. The Commissioner argues that the ALJ accorded appropriate weight to these physicians' opinions based on substantial evidence in the record. Id. at 7.

**A. Applicable Law**

In deciding how to resolve conflicts between medical opinions, the ALJ must consider that there are three types of physicians who may offer opinions in Social Security cases: (1) those who directly treated the plaintiff, (2) those who examined but did not treat the plaintiff, and (3) those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). A treating physician's opinions are entitled to greater weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

"The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Id. For instance, "[t]he ALJ need not accept the

opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). To reject the uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Where the treating physician's opinion is contradicted by another physician's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. Id. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. Widmark v. Barnhart, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006) (citing Lester, 81 F.3d at 831); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999).

**B. Analysis**

Plaintiff contends that the ALJ improperly ascribed only partial weight to the opinions of Drs. Lim and Sargeant, two consultative examining physicians. Jt. Stip. at 4. Specifically, Plaintiff argues that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting the opinions of these physicians. Id.

1. Summary of the Physicians' Opinions

Dr. Sargeant examined Plaintiff on October 19, 2013 and found she suffered from: chronic vertigo; chronic low back pain; right rotator cuff tear status post-surgery; osteoporosis; and type 2 non-insulin dependent diabetes. AR 351, 355. Dr. Sargeant concluded that Plaintiff: could lift and carry 20 pounds occasionally and 10 pounds frequently; could push and pull on a frequent basis; could walk and stand for two hours out of an eight-hour

workday; could sit for six hours out of an eight-hour workday; should not attempt long distance walking without the assistance of a cane or an individual, lest she risk falling; could climb, balance, kneel, and crawl occasionally; could walk on uneven terrain, climb ladders, and work at heights occasionally; had no limitations with respect to hearing or seeing and was unlimited in the use of her left hand, but was limited to frequent fine and gross manipulation with the right hand owing to weakness demonstrated in the right hand during physical examination. AR 355-56.

On April 29, 2014, Dr. Lim examined Plaintiff. AR 358-363. Dr. Lim's noted that Plaintiff: presented with subjective complaints of vertigo, but with no recent episodes associated therewith; underwent surgery on her right shoulder and presented with a well-healed scar, but alleged continuing pain with motion and decreased range of motion in the right shoulder; presented with back pain on motion, but without a limitation in the range of motion and no signs of radiculopathy; presented with signs of likely diabetic neuropathy; and had a slow and unsteady gait, but did not require the use of assistive devices with ambulation. AR 361. Dr. Lim assessed that Plaintiff: could stand and/or walk about six hours in an eight-hour workday with appropriate breaks; could sit for six hours in an eight-hour day with appropriate breaks; could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could only push, pull, and overhead reach with her right upper extremity occasionally; had postural limitations including occasional climbing and crouching; and should avoid unprotected heights. Id.

2. The ALJ's Treatment of the Opinions of Drs. Sargeant and Lim

The ALJ accorded partial weight to Dr. Sargeant's opinion, observing that "Dr. Sargeant's manipulative limitations are overly restrictive in light of the clinical and diagnostic findings discussed above and the conservative treatment received for the right upper extremity." AR 36. The ALJ similarly

accorded partial weight to the opinion of Dr. Lim as the doctor's suggested "manipulative limitations are also overly restrictive and not supported by the clinical findings discussed above." Id.

Other than referring generally to unspecified findings "discussed above," the ALJ did not cite to any evidence in support of her conclusions. As noted, the only opinions which were affirmatively rejected related to "manipulative limitations" of the right upper extremity. However, the ALJ does not address the many significant areas in which the two consulting physicians' opinions contradict each other. For example, Dr. Sargeant concluded that Plaintiff was incapable of standing or walking for greater than two hours in an eight-hour work day (AR 355), whereas Dr. Lim found Plaintiff would be able to stand and/or walk for "about 6 hours in an eight-hour workday with appropriate breaks" (AR 361). Dr. Sargeant opined that Plaintiff required the use of an assistive device for walking long distances (AR 355), while Dr. Lim found Plaintiff "does not require the use of assistive devices for ambulation" (AR 361). Dr. Sargeant concluded Plaintiff could push and pull frequently (AR 355), but Dr. Lim found Plaintiff was limited to only occasional pushing, pulling, and reaching with the right upper extremity. Id.[2]

In setting forth Plaintiff's RFC, the ALJ implicitly adopted some portions of each examining physician's functional assessments, but implicitly rejected others, without discussion. AR 32. For example, the RFC mirrors Dr. Sargeant's limitations relative to lifting and carrying. AR 32, 355. The RFC reflects Dr. Lim's standing, walking, and sitting limitations by concluding that Plaintiff "can sit, stand, or walk for up to six hours each in an eight-hour day,"

---

[2] Though Dr. Sargeant did not opine specifically on reaching, in describing the results of Plaintiff's shoulder examination Dr. Sargeant described that Plaintiff could not "flex more than 30 to 40 degrees[,] [a]bduction is 20 to 30 degrees and she cannot pas[s] the midline for extension because of pain." AR 354.

but departs from Dr. Sargeant's limitation of being able to stand or walk no more than two hours in an eight-hour day. AR 32, 355, 361. And the RFC limitation that Plaintiff can "engage in frequent reaching with the right upper extremity" is directly at odds with Dr. Lim's limitation to occasional use of the right upper extremity for, <u>inter alia</u>, reaching. AR 32, 361. The ALJ failed to explain or justify why she chose some limitations over others.

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citing <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1464 (9th Cir. 1996)). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." <u>Reddick</u>, 157 F.3d at 725.

Here, the Commissioner concedes, the ALJ "did not specifically address all of the" limitations set forth by Drs. Sargeant and Lim. Jt. Stip. at 7. The Commissioner argues that the Court should absolve that failure because "it is clear" from other portions of the decision that the ALJ "rejected those limitations as unsupported by the evidence." <u>Id.</u> This assertion fails for two reasons. First, it is not clear that the Commissioner rejected "those limitations" because, as noted above, the limitations set forth by Drs. Sargeant and Lim were not consistent; some were accepted into the RFC, some were not, and only one type – "manipulative limitations" – was expressly addressed as a reason to accord only partial weight to the opinions. AR 36. In not even recognizing the inconsistencies in the limitations set forth by Drs. Sargeant and Lim, the ALJ failed to provide "legitimate reasons for crediting one medical opinion over another" and erred.

Second, even with respect to the one area of limitation that the ALJ did address in deciding to accord only partial weight to the opinions of Drs.

Sargeant and Lim, the ALJ's analysis lacks the requisite specificity. The basis provided for rejecting the "manipulative limitations" proffered by both examining physicians was the conclusion that the limitations were inconsistent with the clinical and diagnostic findings "discussed above." AR 36. However, the Court notes that in the ALJ's recitation of clinical and diagnostic findings, the findings from the treatment notes of Drs. Sargeant and Lim predominate. See AR 33-36. While it is true an ALJ "need not discuss all evidence presented . . . [he or she] must explain why significant probative evidence has been rejected." Diedrich v. Berryhill, 699 F. App'x 726, 726 (9th Cir. 2017) (citing Vincent on behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam)).

The ALJ's apparent unexplained rejection of at least one aspect of Dr. Lim's opinion had a significant impact on the outcome. Specifically, asked to assume a limitation of only "occasional reaching with the right upper extremity," consistent with Dr. Lim's opinion, the VE testified that such a limitation would preclude Plaintiff from performing her past work and the alternative occupations. AR 63, 361. The ALJ ultimately concluded that Plaintiff was capable of "frequent reaching in all directions with the upper extremity."[3] AR 32 (emphasis added). Thus, adopting Dr. Lim's recommendation of only occasional use of the right upper extremity for reaching could have altered the ultimate opinion of disability.

The Court has considered the Commissioner's arguments in support of the ALJ's decision (Jt. Stip. at 6-7), but finds they do not address the failures set forth above.

---

[3] "Occasional" means from very little to up to one-third of the time, where "frequent" means occurring from one-third to two-thirds of the time. SSR 83-10, 1983 WL 31251, at *5, 6.

11

The Court finds that the ALJ erred in not setting forth specific and legitimate reasons supported by substantial evidence in the record in partially rejecting the opinions of examining physicians. This error was not harmless and was not inconsequential to the ALJ's determination that Plaintiff was not disabled. Molina, 674 F.3d at 1115 (9th Cir. 2012).

**C. Remand is Appropriate**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

The Court finds that the ALJ committed reversible error by failing to provide specific and legitimate reasons for rejecting the opinions of examining physicians. Remand for further administrative proceedings is appropriate for the ALJ to fully and properly consider the opinions of examining physicians and assess which of the physicians' limitations should be adopted as a part of Plaintiff's RFC, and for opinions that are rejected, to provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians.

///
///

# V.
# ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: February 20, 2018

_____
JOHN D. EARLY
United States Magistrate Judge